Nott, J.
The only question in thesecases is, whetherifa ^circuit judge, whose duty it may be-to hold any particular court, should be absent from indisposition, any other circuit judge is authorized to supply his place during such indisposition.? No doubt has ever been entertained on this subject until since the act of the last session of the legislature reorganizing the judiciary system of this state, nor do this court entertain any doubt upon the subject now. The judges are not located in any particular circuit; their duties are not confined to-any particular section of the state. The distribution of their' duties is a matter of arbitrary arrangement among them *184 selves} and it can never be said to be die exclusive duty of ‘ ány one judge to hold any particular court. By the act of the last session, the circuit judges are relieved from the duties which they were before required to perform as an appellate court. But the same act declares that they are-invested with the same powers, authority and jurisdiction to all intents and purposes, (except those appertaining to the constitutional court,) as the present judges of the courts of law now have. And even if it had contained no such provision, it appears to me it could have admitted of no other' construction. Eor although the judges of the court of appeals are required in the case ofthe absence of any circuit judge of chancellor to supply his place, the circuit judges are not deprived of any power which they before possessed in that respect. Lord Coke says the designation of a certain person to whom a new power is granted in an affirmative statute, does not exclude another person, who was by a preceding statue authorized to do it, from doing the same thing. (11 Reports 64, Foster’s case ) The object of the legislature was to require the judges of the court of appeals, in addition to their other duties, to aid the circuit judges in the performance of their circuit duties, to prevent a failure of justice, from the occasional absence of a judge. But it was never intended to deprive the other judges from exercising the same power. This court are, therefore, unanimously of opinion that the circuit judges do now possess all the power and authority in that respect which they possessed anterior to the passing of the present act.